## Evens Hillaire Plaintiff vs. CENTRAL SHARED SERVICES, LLC, et al Defendant

**Broward County Case Number:** CACE23012458
**State Reporting Number:** 062023CA012458AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 04/11/2023
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** Fahnestock, Fabienne E.

### Party(ies)

Total: 3

| Party Type | Party Name | Address | Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Hillaire, Evens** | | ★ Hoogerwoerd, Peter<br>Retained<br>Bar ID: 188239<br>Remer, Georges-Pierre & Hoogerwoerd, PLLC<br>2745 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>**Status: Active** |
| Defendant | **CENTRAL SHARED SERVICES, LLC**<br><br>*Doing Business As*<br>**EAST FLORIDA SUPPLY CHAIN SERVICES** | | |
| Defendant | **HEALTHTRUST WORKFORCE SOLUTIONS, LLC**<br><br>*Doing Business As*<br>**PARALLON WORKFORCE SOLUTIONS** | | |

### Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## Collection(s)

Total: 0

**There is no Collection information available for this case.**

## Event(s) & Document(s)

Total: 6

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 04/13/2023 | **eSummons Issuance** | CENTRAL SHARED SERVICES, LLC d/b/a EAST FLORIDA SUPPLY CHAIN SERVICES | | 1 |
| 04/13/2023 | **eSummons Issuance** | HEALTHTRUST WORKFORCE SOLUTIONS, LLC d/b/a PARALLON WORKFORVE SOLUTIONS | | 1 |
| 04/12/2023 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | none | | 1 |
| 04/11/2023 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 04/11/2023 | **Civil Cover Sheet** | Amount: $50,001.00 | | 3 |
| 04/11/2023 | **Complaint (eFiled)** | Party: *Plaintiff* Hillaire, Evens | | 15 |

## Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

## Related Case(s)

Total: 0

**There is no related case information available for this case.**

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

Evens Hillaire
Plaintiff

Case # ________________
Judge ________________

vs.
CENTRAL SHARED SERVICES, LLC, HEALTHTRUST WORKFORCE SOLUTIONS, LLC
Defendant

---

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

## III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 04/11/2023 11:44:14 PM.****

Filing # 170799775 E-Filed 04/11/2023 11:44:15 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

**EVENS HILLAIRE,**

**Plaintiff,**

**vs.** **Case No.:**

**CENTRAL SHARED SERVICES, LLC d/b/a EAST FLORIDA SUPPLY CHAIN SERVICES, a Foreign Limited Liability Company, and HEALTHTRUST WORKFORCE SOLUTIONS, LLC d/b/a PARALLON WORKFORCE SOLUTIONS, a Foreign Limited Liability Company,**

**Defendant(s).**
____________________________________/

## COMPLAINT

Plaintiff, **EVENS HILLAIRE** ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant(s), **CENTRAL SHARED SERVICES, LLC d/b/a EAST FLORIDA SUPPLY CHAIN SERVICES ("Defendant" or "CSC"), and HEALTHTRUST WORKFORCE SOLUTIONS, LLC d/b/a PARALLON WORKFORCE SOLUTIONS** ("Defendant" or "Parallon") (hereinafter collectively referred to as "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000, exclusive of attorneys' fees or costs, declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, *et seq.* ("FCRA"), to redress injury by the Defendants for discriminatory treatment on the basis of race and national origin.
2. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

3. Defendant CSC is a Foreign Limited Liability Company authorized to conduct business in the State of Florida, having a place of business in Broward County, Florida, within the jurisdiction of this Honorable Court, where at all times material hereto Plaintiff performed work for Defendants.

4. Defendant Parallon is a Foreign Limited Liability Company authorized to conduct business in the State of Florida, having a place of business in Broward County, Florida, within the jurisdiction of this Honorable Court, where at all times material hereto Plaintiff performed work for Defendants.

5. Defendants, at all times material hereto, were joint employers of the Plaintiff, operating under common ownership, common management structure, and both having the authority to control the Plaintiff's work during the course of Plaintiff's employment with Defendants.

6. Venue is proper in Broward County, Florida because all of the acts and omission that form the basis of this Complaint occurred within Broward County, Florida, within the jurisdiction of this Honorable Court.

7. At all times material hereto, Defendant CSC was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et seq*., since it employed fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

8. At all times material hereto, Defendant Parallon was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et seq*., since it employed fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et seq.* and is subject to the employment discrimination provisions of the applicable statute, the FCRA.

10. Plaintiff is a Black male individual of Haitian national origin and is member of one or more classes of persons protected against discrimination in their employment under the FCRA.

11. The conduct complained of by Plaintiff was repeat and ongoing during the relevant period of Plaintiff's employment with Defendants, as described herein, and Plaintiff is bringing his claims pursuant to a continuing violations doctrine.

12. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and dually filed with the Florida Commission on Human relations, the agencies which are responsible for investigating claims of employment discrimination.

13. More than 180 days have passed since the filing of Plaintiff's Charge of Discrimination and the Notice of Right to Sue has been requested or otherwise obtained from the EEOC. Plaintiff is now timely filing suit.

14. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

15. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and has thus become obligated to provide them with a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff was hired by Defendants on or about March 30, 2020.

17. Plaintiff was hired by Defendants to perform work as a materials handler, with duties including, but not limited to, receiving and transporting medical materials, unloading and packing medicines and other materials, and packing items for shipping and transport, among other duties.

18. At all times material hereto, Plaintiff was qualified to perform the essential functions of his position with Defendants.

19. During Plaintiff's interview with Defendants, Plaintiff requested to be hired for a full-time position; however, at that time, Plaintiff was told that there were only part-time positions available to him, which did not provide for employment benefits.

20. At the time Plaintiff was hired by Defendants, Plaintiff was hired alongside other, similarly situated White and/or non-Haitian employees.

21. On information and belief, non-Black and/or non-Haitian employees hired at or around the same time as Plaintiff were offered or provided with full-time positions with benefits.

22. At the time Plaintiff started working for Defendants, Plaintiff was not provided with training through an orientation process; whereas, on information and belief, Plaintiff's similarly situated coworkers outside of his protected class memberships who were hired at or around the same time as him received an orientation.

23. About a few weeks after Plaintiff began working for Defendants, on or about mid-late April 2020, Plaintiff was scheduled to work in a full-time capacity.

24. On or about August 10, 2020, Defendants hired a new employee in the same role as the Plaintiff who was White and of Hispanic national origin.

25. As a result of this new, White, Hispanic employee being hired, Plaintiff was told that he was being transitioned out of the full-time position to make that position available to the newly hired employee, causing Plaintiff's scheduled hours to drop to part-time employee levels, approximately four hours per day and without employment benefits.

26. On or about September 2020, due to one of Plaintiff's similarly situated female coworkers being out for surgery, Plaintiff was given additional hours, near or equivalent to that of a full-time employee, though without employee benefits, including access to paid time off, to which Plaintiff's similarly situated White and/or Hispanic coworkers had been entitled without issue. Plaintiff was returned back to part-time hours upon the female coworker's return to work approximately three to four months later.

27. On or about February 8, 2021, Plaintiff complained of disparate treatment via text to one of Defendants' corporate officers, John (LNU), regarding his lack of employment benefits, as well as the failure to provide him with a permanent full-time position when Defendants were hiring similarly situated employees outside of Plaintiff's protected classes into full-time roles with benefits.

28. Plaintiff followed up with his complaint on multiple occasions during the month of February 2021, also complaining that he was being excluded from discussions regarding promotions and never being notified of Defendants having new job openings and promotions for which Plaintiff could be eligible.

29. Plaintiff's complaints regarding the disparate treatment to which he was subjected with respect to work opportunities as compared to his similarly situated, non-Black and/or non-Haitian coworkers were not meaningfully responded to or addressed.

30. On or about May/June 2021, Plaintiff learned of and applied to a Pharmacy Tech Material Handler position, for which he was qualified to perform the essential functions of the position.

31. Plaintiff was not reasonably considered for the position and later learned through human resources that a White, Hispanic employee was hired for the position, given full-time hours and employee benefits.

32. On or about July 11, 2021, Plaintiff complained to Jennifer Berres in HR regarding the consistent failure to provide him with equal treatment and equitable access to full-time employment and employee benefits as compared to his similarly situated coworkers; however, Plaintiff's complaints were not meaningfully addressed.

33. Shortly thereafter, on or about August/September 2021, Plaintiff separated from his employment with Defendants, due in part to the persistent denial of benefits and opportunities of employment that were not withheld from or denied to Plaintiff's similarly situated, non-Black, non-Haitian, mostly Hispanic coworkers.

34. Plaintiff was constructively terminated from his employment with Defendants on or about September 2021 due to discriminatory treatment based on race and national origin.

35. Throughout his employment with Defendants, Plaintiff performed his duties at or above satisfactory levels.

36. Any justification asserted by Defendants as lawful basis for their conduct is merely pretextual of the unlawful employment actions complained of herein.

**COUNT I**
***Race Discrimination in Violation of the FCRA as to Defendant CSC***

37. Plaintiff readopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

38. Plaintiff is a member of a protected class under the FCRA.

39. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

40. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

41. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

42. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

43. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

44. Defendant provided better treatment to Plaintiff's similarly situated, non-Black and/or White coworkers in that Defendant's non-Black and/or White employees who were similarly situated to the Plaintiff during the relevant time of this action were provided with better work opportunities and privileges as compared to the Plaintiff.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida State law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT II

***National Origin Discrimination in Violation of the FCRA as to Defendant CSC***

49. Plaintiff readopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

52. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

55. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. Defendant provided better treatment to Plaintiff's similarly situated, non-Haitian and/or Hispanic coworkers in that Defendant's non-Haitian and/or Hispanic employees who were similarly situated to the Plaintiff during the relevant time of this action were provided with better work opportunities and privileges as compared to the Plaintiff.

57. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

59. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida State law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**

***Race Discrimination in Violation of the FCRA as to Defendant Parallon***

61. Plaintiff readopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

62. Plaintiff is a member of a protected class under the FCRA.

63. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

64. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

65. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

66. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

67. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

68. Defendant provided better treatment to Plaintiff's similarly situated, non-Black and/or White coworkers in that Defendant's non-Black and/or White employees who were similarly situated to the Plaintiff during the relevant time of this action were provided with better work opportunities and privileges as compared to the Plaintiff.

69. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

71. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida State law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

72. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**

***National Origin Discrimination in Violation of the FCRA as to Defendant Parallon***

73. Plaintiff readopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

74. Plaintiff is a member of a protected class under the FCRA.

75. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

76. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

77. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

78. At all times material hereto, the employees exhibiting discriminatory conduct towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

79. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

80. Defendant provided better treatment to Plaintiff's similarly situated, non-Haitian and/or Hispanic coworkers in that Defendant's non-Haitian and/or Hispanic employees who were similarly situated to the Plaintiff during the relevant time of this action were provided with better work opportunities and privileges as compared to the Plaintiff.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

82. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

83. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida State law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

84. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all the issues triable as of right by jury.

Dated: April 11, 2023

Respectfully submitted,

***/s/ Peter M. Hoogerwoerd***

Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 0188239
pmh@rgph.law
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
cseldin@rgph.law
***REMER, GEORGES-PIERRE***
***& HOOGERWOERD, PLLC***
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

**EVENS HILLAIRE,**

**Plaintiff,**

**vs.**

**Case No.: CACE-23-012458**

5/2/23 2:10p

**CENTRAL SHARED SERVICES, LLC d/b/a EAST FLORIDA SUPPLY CHAIN SERVICES, a Foreign Limited Liability Company, and HEALTHTRUST WORKFORCE SOLUTIONS, LLC d/b/a PARALLON WORKFORCE SOLUTIONS, a Foreign Limited Liability Company,**

**Defendant(s).**

______________________________/

**SUMMONS IN A CIVIL CASE**

**TO: CENTRAL SHARED SERVICES, LLC d/b/a EAST FLORIDA SUPPLY CHAIN SERVICES**, through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
2745 PONCE DE LEON BLVD.
CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

APR 18 2023

CLERK DATE

(BY) DEPUTY CLERK

BRENDA D. FORMAN

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/02/2023
CT Log Number 543769984

## Service of Process Transmittal Summary

**TO:** Neal Rigsby
HCA Inc.
1 Park Plz Bldg 1-2W
Nashville, TN 37203-6527

**RE:** **Process Served in Florida**

**FOR:** Central Shared Services, LLC (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EVENS HILLAIRE // To: Central Shared Services, LLC |
| **CASE #:** | CACE23012458 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/02/2023 at 14:26 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/03/2023, Expected Purge Date: 05/13/2023<br>Image SOP<br>Email Notification, Carrie Jo Freeman carrie.freeman@hcahealthcare.com<br>Email Notification, Anne-Marie Lankford annemarie.lankford@hcahealthcare.com<br>Email Notification, Neal Rigsby Neal.Rigsby@hcahealthcare.com<br>Email Notification, Jessica Kent jessica.kent@hcahealthcare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, May 2, 2023
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | Central Shared Services LLC |
| Case Number | CACE23012458 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |

Filing # 170981670 E-Filed 04/13/2023 07:21:47 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

**EVENS HILLAIRE,**

**Plaintiff,**

**vs.**

**Case No.: CACE-23-012458**

R15831406
5/2/23
2:10p

**CENTRAL SHARED SERVICES, LLC d/b/a EAST FLORIDA SUPPLY CHAIN SERVICES, a Foreign Limited Liability Company, and HEALTHTRUST WORKFORCE SOLUTIONS, LLC d/b/a PARALLON WORKFORCE SOLUTIONS, a Foreign Limited Liability Company,**

**Defendant(s).**

_______________________________________/

**SUMMONS IN A CIVIL CASE**

**TO: HEALTHTRUST WORKFORCE SOLUTIONS, LLC d/b/a PARALLON WORKFORCE SOLUTIONS**, through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
2745 PONCE DE LEON BLVD.
CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

BRENDA D. FORMAN ___________________ APR 18 2023

CLERK DATE

_______________________

(BY) DEPUTY CLERK

CLERK OF CIRCUIT & COUNTY COURT
IN GOD WE TRUST
FLORIDA
BROWARD COUNTY

Brenda D. Forman

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 04/13/2023 07:21:46 PM.****

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/02/2023
CT Log Number 543770042

## Service of Process Transmittal Summary

**TO:** Neal Rigsby
HCA Inc.
1 Park Plz Bldg 1-2W
Nashville, TN 37203-6527

**RE:** **Process Served in Florida**

**FOR:** HealthTrust Workforce Solutions, LLC (Domestic State: TN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EVENS HILLAIRE // To: HealthTrust Workforce Solutions, LLC |
| **CASE #:** | CACE23012458 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/02/2023 at 14:26 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/03/2023, Expected Purge Date: 05/13/2023<br><br>Image SOP<br><br>Email Notification, Carrie Jo Freeman carrie.freeman@hcahealthcare.com<br><br>Email Notification, Anne-Marie Lankford annemarie.lankford@hcahealthcare.com<br><br>Email Notification, Neal Rigsby Neal.Rigsby@hcahealthcare.com<br><br>Email Notification, Jessica Kent jessica.kent@hcahealthcare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, May 2, 2023
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | Healthtrust Workforce Solutions LLC |
| Case Number | CACE23012458 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |

Filing # 173258487 E-Filed 05/16/2023 01:08:44 PM

**CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

EVENS HILLAIRE,

CASE NO.: CACE 23-12458

Plaintiff,

v.

CENTRAL SHARED SERVICES. LLC d/b/a EAST FLORIDA SUPPLY CHAIN SERVICES, a Foreign Limited Liability Company, and HEALTHTRUST WORKFORCE SOLUTIONS, LLC d/b/a PARALLON WORKFORCE SOLUTIONS a Foreign Limited Liability Company,

Defendants.
_______________________________________/

**NOTICE OF APPEARANCE OF COUNSEL AND**
**DESIGNATION OF E-MAIL ADDRESSES**

**PLEASE TAKE NOTICE** that attorney Alexander D. del Russo from the law firm of Carlton Fields, P.A., is appearing as counsel for Defendants, **Central Shared Services, LLC d/b/a East Florida Supply Chain Services** and **HealthTrust Workforce Solutions, LLC d/b/a Parallon Workforce Solutions**.

**FURTHER**, pursuant to Florida Rule of Judicial Administration 2.516, effective September 1, 2012, the following e-mail addresses are hereby designated for service by e-mail:

adelrusso@carltonfields.com (primary)
kcasazza@carltonfields.com (secondary)
wpbecf@cfdom.net (secondary)

Please note that service by e-mail and all correspondence should utilize all three e-mail addresses.

**CARLTON FIELDS, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401
Telephone: (561) 659-7070
/s/ *Alexander D. del Russo*
Alexander D. del Russo
Florida Bar No.: 350273

adelrusso@carltonfields.com (primary)
kcasazza@carltonfields.com (secondary)
wpbecf@cfdom.net (secondary)
*Counsel for Central Shared Services, LLC d/b/a East Florida Supply Chain Services and HealthTrust Workforce Solutions, LLC d/b/a Parallon Workforce Solutions.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 16, 2023 the foregoing was filed with the Clerk of the Court through Florida's e-Portal, which will send an electronic notice of filing and service copy of the foregoing to all registered users authorized to receive service of filings in the above case including:

Peter M. Hoogerwoerd
Corey L. Seldin
Remer, Georges-Pierre & Hoogerwoerd, PLLC
2745 Ponce De Leon Boulevard
Coral Gables, FL 33134
pmh@rgph.law
cseldin@rgph.law

/s/*Alexander D. del Russo*
Alexander D. del Russo